```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 18 APR 2011
```

**Locke Lord Bissell & Liddell** LLP

Attorneys & Counselors

April 7, 2011

*DCR is authorized to make its 12(b)(1) and 12 (b)(6) motions. The parties should meet and confer to agree upon a schedule for moving, opposing and replying. The schedule should be submitted to the Court for "So ordering"*

*So ordered*

*Paul A. Crotty 4/18/11*
*USDJ*

**BY ELECTRONIC MAIL (crottyNYSDchambers@nysd.uscourts.gov)**

The Honorable Paul A. Crotty
United States District Court for the
Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

Re:  Taberna Preferred Funding VI, Ltd. v. Desert Capital REIT, Inc.
     Case No. 11-CV-1159

Dear Judge Crotty:

    This firm represents Desert Capital REIT, Inc. ("DCR"), the Defendant in the above-referenced suit. DCR intends to file a Rule 12(b)(1)/Rule 12(b)(6) Motion to Dismiss the above-referenced action, and submits this request for a pre-motion conference in accordance with Rule 3(A), (B) and (D) of Your Honor's Individual Practice Rules.

### Summary of Issues

    Plaintiff Taberna Preferred Funding IV, Ltd., a Cayman Islands "exempted" company ("Taberna"), has presented its lawsuit as a straightforward claim for amounts allegedly due from DCR under a note. However, the underlying factual circumstances are considerably more complex, and most notably, Taberna is not a holder of the referenced note, has not annexed the note to its Complaint, and is not entitled to sue under the note. DCR contends that dismissal is proper on two bases: (1) Taberna lacks standing to sue; and (2) the suit cannot go forward due to the subordinated nature of the obligations at issue and the status of senior debt as asserted by third parties.

### Factual Background

    __The Parties and the Statutory Trust Transaction.__  DCR is a mortgage real estate investment trust. In 2006, DCR entered into a transaction (the "Statutory Trust Transaction") in which a statutory trust (the "Trust" as defined below) was created and issued certain securities. The Complaint's allegations relate to the Statutory Trust Transaction.

    In the Statutory Trust Transaction, DCR formed a Delaware statutory trust, Desert Capital TRS Statutory Trust I (the "Trust") governed by a restated and amended trust agreement dated June 16, 2006 ("Trust Agreement"). DCR also executed a June 16, 2006 Junior Subordinated Indenture ("Indenture"), under which JPMorgan Chase Bank (now Bank of New

**MEMO ENDORSED**

Hon. Paul A. Crotty
April 7, 2011
Page 2

York Mellon) is Trustee. Under the Trust Agreement, the Trust issued (among other securities) securities known as "Trust Preferred Securities" in the aggregate face amount of $30 million.

As contemplated by the Indenture and Trust Agreement, utilizing the proceeds from the issuance of securities, the Trust advanced proceeds to DCR. DCR issued a Junior Subordinated Note (the "Note") to the Trust for the aggregate sum of $30,928,000.00. As Taberna acknowledges (Complaint, ¶6), the initial holder of the Note was Bank of New York Mellon. Under the Note, DCR was to pay to the Trust quarterly interest payments until maturity in 2036. The registered holders of the Trust Preferred Securities were to receive corresponding payments. (e.g., Trust Agreement, § 4.1).

In the Complaint, Taberna asserts that it holds $25 million in Trust Preferred Securities. (Complaint, ¶8). Taberna acknowledges that it does not hold the Note (Complaint, ¶6) and attaches no copies of security certificates or any other documentation.

The Note, Indenture, and Preferred Trust Securities are by their express terms subordinated to DCR's "Senior Debt." Without limitation, "Senior Debt" includes DCR's obligations under a September 17, 2007 guarantee (the "Guarantee") for a principal sum of $13,675,000.00, executed by DCR with a third party group of lenders ("Third Party Lenders"). While the Guarantee was subject to a June 11, 2010 forbearance agreement between DCR and the Third Party Lenders, DCR has recently received a March 29, 2011 letter in which the Third Party Lenders have purported to accelerate the entire amount of the guaranteed debt such that it is now due and payable in full.

Taberna's Complaint. Taberna's one-count Complaint is styled as a "breach of contract" claim. Taberna has not sued on the Trust Preferred Securities which it claims to hold. Instead, Taberna has sued to enforce the Note (which it does not hold) and the Indenture (to which it was not a party). (Complaint, ¶¶21-23).

### Grounds for Dismissal

Lack of Standing. Under Fed. Rule Civ. P. 12(b)(1), DCR submits that Taberna lacks standing to enforce the Note and Indenture. Regarding the Note, it is axiomatic that only the holder of a note may bring suit. Taberna admits that it does not hold the Note. (Complaint, ¶6). There are no provisions of the Note which would confer standing. (e.g., Indenture, art. 2).

Regarding the Indenture, the Trustee (Bank of New York Mellon) is generally the proper party to bring suit. (e.g., Indenture §§ 5.3-5.6) There are two limited exceptions under the Indenture (both with significant requirements), but Taberna has not alleged facts or presented documentation indicating that either exception applies.

The Complaint cites only one of the two exceptions, the one contained in Section 5.8 of the Indenture. (Taberna has not cited or alleged facts regarding the other exception under Section 5.7). Section 5.8 provides, in part, that a "registered holder" of Trust Preferred Securities may have a right to institute suit directly against DCR under certain circumstances.

There is no allegation in the Complaint that Taberna is a registered holder of Trust Preferred Securities. This is a critical omission that on its own defeats Taberna's claim to

Hon. Paul A. Crotty
April 7, 2011
Page 3

standing. The concept of "registration" under the Indenture is important and impacts many features of the Statutory Trust Transaction. A registered holder is a "Person in whose name ... Trust Securities are registered in the Securities Register." (Trust Agreement, §§1.1; 5.7(a); 6.10(b)) The "Securities Register" is an official registry maintained by the Trustee. (See Trust Agreement, § 5.7(a)).

Remarkably for a suit to enforce a note, Taberna has attached no documentation, such as the Note or Indenture. There is no copy of a security certificate or any other documentation showing that, as Taberna asserts, it is a holder of Trust Preferred Securities. This omission is especially striking because Taberna Preferred Funding VI, Ltd., the formal plaintiff, did not sign its own pleading – instead the Complaint is signed by "TP Management LLC" as "successor collateral manager."

The Indenture and Trust Agreement contain strict requirements to be a "registered" holder. Taberna has not alleged facts or submitted any documentation sufficient to show that these requirements are met. DCR respectfully submits that Taberna should be required to do so to establish standing.

Status of Senior Debt. DCR also intends to raise a separate issue that requires dismissal under Rule 12(b)(6). The Indenture, Note, and Trust Preferred Securities are all expressly subordinate to "Senior Debt." (e.g., Indenture, §12.1) "Senior Debt" includes the $13,675,000.00 Guarantee. (e.g., Indenture, § 1.1) The subordination provisions further require that, when there is any event of default in the "Senior Debt," during the continuation of such default, no direct or indirect payment shall be made on the Note or Trust Preferred Securities. (Indenture, §12.2(a)). Because the Third Party Lenders have asserted that the Guarantee is in default, this prevents the suit from going forward and necessitates dismissal under Rule 12(b)(6).

For the foregoing reasons, DCR respectfully requests a pre-motion conference.

Very truly yours,

*[signature]*

Allen C. Wasserman (AW 4771)

ACW:egd

cc:   Joseph J. Saltarelli, Esq. (via electronic mail, jsaltarelli@hunton.com and U.S. Mail)



HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0136

TEL    212 • 309 • 1000
FAX    212 • 309 • 1100

JOSEPH J. SALTARELLI
DIRECT DIAL:(212) 309-1048
EMAIL:JSALTARELLI@HUNTON.COM

FILE NO: 76787.9

April 14, 2011

**VIA ELECTRONIC MAIL (crottyNYSDchambers@nysd.uscourts.gov)**

The Honorable Paul A. Crotty
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

      Re: **Taberna Preferred Funding VI, Ltd. v. Desert Capital REIT, Inc., No. 11-CV-1169**

Dear Judge Crotty:

      We represent TP Management LLC ("TP"), in its capacity as Collateral Manager for and on behalf of Plaintiff Taberna Preferred Funding VI, Ltd. ("Taberna"). We write in response to the letter submitted by Defendant Desert Capital REIT, Inc. ("Desert Capital"), dated April 7, 2011, requesting a pre-motion conference.

      Desert Capital raises two issues. First, Desert Capital intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that Taberna lacks standing to sue on the note that is the subject of the single breach of contract asserted because Taberna is not the holder of the note.

      Desert Capital is the obligor under a Junior Subordinated Note, dated June 16, 2006, in the original principal amount of $30,928,000 (the "Note"), which is now in default. As set forth in the Complaint (¶ 6), the Note is held by Bank of New York Mellon, in its capacity as successor trustee to JPMorgan Chase Bank, National Association. However, as also alleged in the Complaint (¶¶ 7-10), Taberna is the registered holder (through Cede & Co., the nominee holder) of certain preferred securities issued by Desert Capital TRS Statutory Trust I as part of the same transaction. Pursuant to Section 5.8 of the Indenture governing the securities, and as holder of more than 25% of the securities, Taberna has the absolute right to institute suit directly against Desert Capital to enforce the terms of the Note and the Indenture upon an Event of Default (Complaint ¶ 10). As Collateral Manager in the transaction, TP has the authority, and has been authorized, to bring this action on behalf of Taberna. (Complaint ¶ 9).


HUNTON&
WILLIAMS

The Honorable Paul A. Crotty
April 14, 2011
Page 2

    Second, Desert Capital intends to move to dismiss the Complaint under Rule 12(b)(6) because the Note is subordinated to certain "Senior Debt" issued by Desert Capital. The Note is subordinated to such Senior Debt; however, while this fact might affect the priority of collection among various creditors of Desert Capital, it does not bar Taberna from seeking to enforce the Note pursuant to Section 5.8 of the Indenture.

    Thank you for your consideration in this matter.

Respectfully,

*Joseph Saltarelli*

Joseph J. Saltarelli

cc:    Allen C. Wasserman, Esq. (By Email)
       Michael Wilson, Esq. (By Email)
       John Schneider, Esq.

## 11 Civ 1159 (PAC) – April 18, 2011 Memo Endorsement:

DCR is authorized to make its 12(b)(1) and 12(b)(6) motions. The parties should meet and confer to agree upon a schedule for moving, responding and replying. The schedule should be submitted to the Court for "so ordering." So Ordered.